Ernest J. Canava, Esq. Assistant Town Attorney, Islip
You have asked whether the Town of Islip, which has elected to become part of the Suffolk County District Court System and has abolished the office of justice of the peace, may locally reestablish this office.
Chapter 811 of the Laws of 1962 amended the Suffolk County Charter to provide for the establishment and organization of the Suffolk County District Court.* This act called for submission of two propositions to the electors of towns in Suffolk County at the general election in 1962: whether the town should become a part of the Suffolk County District Court System; and if the town becomes a part of the system, whether the office of justice of the peace should be abolished (L 1962, ch 811 adding section 4107 to the Suffolk County Charter). The District Court System of Suffolk County was to be established on the first day of January next succeeding one year from the general election at which three contiguous towns, by majority vote of their electors, chose to become a part of this court system (L 1962, ch 811 adding section 2402 of the Suffolk County Charter). You informed us that the electors of the Town of Islip at the general election of 1962 chose to become a part of the Suffolk County District Court System and elected to abolish the office of justice of the peace. Further, you informed us that the District Court System was established on January 1, 1964. The law provides that the election of a town to become a part of the Suffolk County District Court System is irrevocable (ibid.). Upon the adoption of a proposition abolishing the office of justice of the peace, all such offices were abolished as of the date of expiration of the terms of the justices then in office (L 1963, ch 554). On that date, matters formerly handled by the town justice would fall within the jurisdiction of the District Court.
We have found no authorization in State law for the reestablishment of the office of justice of the peace in a town participating in the Suffolk County District Court System. Nor do not believe that this office can be reestablished by local law. While municipalities are authorized to adopt and amend local laws, consistent with the Constitution and general State laws, relating to various subjects (Municipal Home Rule Law, § 10), a local legislative body may not adopt a local law superseding a State statute if the local law applies to or affects the courts as required or provided by Article VI of the State Constitution (id., § 11[e]). The Constitution provides for the Legislature to establish district court systems and to regulate and discontinue such systems (Art VI, § 16). In the case of Suffolk County, the Legislature has provided for the establishment of a District Court System and in conjunction therewith has established a procedure for abolition of the office of justice of the peace. The election by a town to become a part of the Suffolk County District Court System is irrevocable. The office of justice of the peace in the Town of Islip has been abolished in accordance with the procedures established by law and has been replaced by the District Court. The abolition of the office of justice of the peace, in our opinion, is an integral part of the procedure by which a town chooses to become a part of the Suffolk County District Court System. We believe that a local law reestablishing the office would be inconsistent with State law making the election to participate in the Suffolk County District Court System irrevocable and is, therefore, unauthorized. We believe the office only can be reestablished by action of the State Legislature.
We conclude that a town in Suffolk County that has become part of the Suffolk County District Court System and has elected to abolish the office of justice of the peace may not locally reestablish this office.
* The civil and criminal jurisdiction of this court and practice and procedure in the court are now governed by the Uniform District Court Act (L 1963, ch 570 which established a new section 2501 of the Suffolk County Charter).